In re Southland Furniture Co.

(No. B67-1223—Decided August 8, 1968.)

United States Bankruptcy Court, Northern District of Ohio, Eastern Division.

*Mr. Paul Mancino, Jr.,* and *Mr. Ignatius B. Trombetta,* for bankrupt.
*Mr. Maurice Weltman,* trustee.
*Mr. Frank M. Brennan,* Treasurer of Cuyahoga County.
*Mr. Theodore Spilka* and *Mr. Maurice Sayre,* for trustee.
*Mr. Steven Z. Mogyordy,* asst. prosecuting attorney.

### Statement of Facts

Gnau, Referee in Bankruptcy. The petition in this case was *filed* on *February 24, 1967*, pursuant to the provisions of Chapter XI of the Bankruptcy Act. The debtor was adjudicated a bankrupt on July 18, 1967, because of its

failure to obtain creditor-approval of its proposed plan of arrangement under Chapter XI.

This opinion deals with the trustee's objection to the claim of Frank M. Brennan, treasurer of Cuyahoga County, for delinquent personal property taxes charged against the bankrupt corporation. While the treasurer filed numerous amendments to this claim, it is agreed by all of the parties and the court finds:

That the tax claim is for the sum of $11,566.98. (The parties have also agreed that the penalties amounting to $2,809.29 are not allowable under Sec. 57j of the Bankruptcy Act and the claim for these has been withdrawn from the consideration of the court.)

That the taxes here in controversy were for the calendar years 1963 and 1964, and that the law required the tax returns upon which they are based to be filed by the taxpayer on or before April 30, 1963, and April 30, 1964, respectively, which was done.

That on July 30, 1965, pursuant to the provision of Title 57 of the Revised Code of Ohio, the Ohio Department of Taxation made an additional assessment against the bankrupt based upon its tax returns applicable to the years 1963 and 1964, upon the amounts understated as taxable inventory by the bankrupt in its returns for those years.

That the assessment of these taxes by the Ohio Department of Taxation was not delayed or prohibited by pending administration or pursuit of judicial remedies available to the bankrupt and was made before bankruptcy.

QUESTIONS PRESENTED

Determination of the trustee's objection to this claim involves consideration and construction of Sec. 17a (1), as amended October 3, 1966, of the Bankruptcy Act (U. S. Code, Title 11, Chapter 3, Sec. 35), as well as Title 57, Revised Code.

The questions presented are:

1. Does an assessment by the Ohio Department of Taxation under the provisions of Title 57, Revised Code, based upon understatement of inventory in the taxpayer's return, arise out of a "false" return as contemplated by the provisions of Sec. 17a (1) (d)?

2. When did the taxes represented by this claim of the treasurer of Cuyahoga County become "legally due and owing?"

3. Under the facts in this case are subsection (a), (b), (c), or (e) of Sec. 17a (1) applicable?

## DISCUSSION

It is apparent from the unambiguous language of Sec. 17a (1) that Congress intended to *relieve* bankrupts from taxes *only* where the taxes were *more* than three years old and in situations where subsections (a), (b), (c), (d), or (e) did *not* apply.

## Question No. 1

Does an assessment by the Ohio Department of Taxation under the provisions of Title 57, Revised Code, based upon understatement of inventory in the taxpayer's return, arise out of a "false" return as contemplated by the provisions of Sec. 17a (1) (d)?

Subsection (d) provides:

"with respect to which the bankrupt made a false or fraudulent return or willfully attempted in any manner to evade or defeat, or."

Clearly there are no ambiguities in the languge employed in the above subsection (d). This subsection covers returns that are "false" *or* "fraudulent" *or* any willful attempt of the taxpayer "to evade or defeat" a tax.

Title 57, Revised Code, clearly confers authority to make a tax assessment when the taxpayer is guilty of one of the delinquencies recited in the statute.

In the instant case, the tax assessment was made in accordance with Ohio law against the bankrupt corporation, based upon information in the possession of the Tax Commissioner, and the assessment was not appealed. The assessment was made upon a finding of the commissioner that the returns of the bankrupt for the years 1963 and 1964 were incorrect and therefore "false," in the sense that they were inaccurate and not true.

The language in subsection (d) of 17a (1) makes a distinction between "false" returns and "fraudulent" returns by inserting between these two words, the word *or*.

The word "false" as used here is therefore not synonymous with the word "false" appearing in Sec. 14c (3) of the Bankruptcy Act relating to "false" financial statements, which if materially false will preclude a discharge to a business bankrupt.

Since these words "false" and "fraudulent" in Sec. 17a (1) (d) are not synonymous, they may therefore not be so construed and interpreted.

The courts have uniformly held that in describing financial statements given to secure credit, "false" means more than "erroneous" or "unture" and imports an intention to deceive. Had Congress intended that the term "false" in Section 17a (1) (d) should be similarly construed, the conjunction *or* would not have separated the words "false" and "fraudulent" in referring to the bankrupt's returns.

Application of this view to the facts here brings this tax squarely within the language employed in subsection (d). Application of the language in subsection (d) forces the conclusion that the bankrupt's discharge does *not* release the bankrupt from the taxes assessed by the Tax Commissioner of Ohio on July 30, 1965, which are the subject of this objection to the treasurer's claim.

## Question No. 2

When did the taxes represented by this claim of the treasurer of Cuyahoga County become "legally due and owing?"

Collier (14th Ed., Vol. 1, Sec. 17.14, pages 1613-14) describes the phrase "legally due and owing" as one of the inherent ambiguities in the October 3, 1966, amendment of Sec. 17 of the Bankruptcy Act.

A dearth of decisions interpreting this language in the October 3, 1966, amendment; the failure of the U. S. Senate to adopt Report No. 999 of the Senate Finance Committee which sought to explain and interpret this language; differing interpretations and procedures applicable to income taxes, social security taxes, unemployment taxes, sales taxes, etc.; judicial construction of the same phrase "legally due and owing" which appears in Sec. 64a (4) of

the Bankruptcy Act as well as uncertainty and lack of defition of this same phrase in the regulations of the Internal Revenue Service, all combine to make construction, interpretation, and application of this phrase as it appears in 17a (1) of the Bankruptcy Act, difficult.

Failure of the Congress to define the phrase in the legislation is unfortunate, both for taxing authorities and for the administrators of the Bankruptcy Act and lends undesirable uncertainty to their operations. However, complete resolution of any ambiguities in the language is unnecessary for the decision of the above question No. 2 in this case.

Clearly the tax in question could not become "due and payable" until its *existence* had been determined by the Ohio Department of Taxation under Title 57, Revised Code.

The facts in the possession of the commissioner resulted in a determination that the bankrupt was liable for an additional assessment for the years 1963 and 1964. The additional assessment was made in conformity with the Ohio law on July 30, 1965, was not appealed by the bankrupt, and became "legally due and owing" on that date.

Since this bankruptcy occurred on February 24, 1967, these facts bring this tax squarely within the language of 17a (1) which says that if they became legally due and owing within three years preceding bankruptcy they are *not* released by the bankrupt's discharge.

The foregoing decision is reached without need for resolution of any ambiguities in the term "legally due and owing."

The *assessment* made on July 30, 1965, arose from returns for the years 1963 and 1964 which under the law were required to be filed on April 30, 1963, and April 30, 1964, respectively.

In my opinion, fewer complications will ensue and greater and more-to-be-desired certainty will be attained in other cases where the due date must be determined if this phrase "legally due and owing" is construed to mean and refer to "the date on which the tax return must be timely filed by the taxpayer (whether or not such date is extended)."

Therefore, in my opinion, had this tax arisen out of the returns for 1963 and 1964 instead of arising (as it does) out of the July 30, 1965, assessment based upon them, "legally due and owing" dates would be April 30, 1963, and April 30, 1964. Since April 30, 1963, is more than three years before February 24, 1967, any tax arising out of that return would be released by the bankrupt's discharge. Since April 30, 1964, is within three years of February 24, 1967, any tax arising out of the 1964 return would not have been released by the bankrupt's discharge.

## Question No. 3

3. Under the facts in this case are subsections (a), (b), (c), or (e) of Sec. 17a (1) applicable?

Since it is undisputed that returns were filed by the bankrupt for the years 1963 and 1964, subsection (a) and (b) can have no application.

While the taxes here assessed were not reported on the bankrupt's returns, they were assessed prior to bankruptcy and therefore subsection (c) can have no application.

Since there is no evidence that the bankrupt collected or withheld taxes and failed to pay them over, subsection (e) cannot be applicable.

Question No. 3 is therefore answered in the negative as to subsection (a), (b), (c), and (e).

## CONCLUSION

Applying the foregoing findings to the question presented, results in the conclusion that the objection of the trustee to the tax claim of Frank M. Brennan, Treasurer of Cuyahoga County, in the sum of $11,566.98 should be and the same hereby is overruled.

The prosecuting attorney for Cuyahoga County will prepare a journal entry reflecting this opinion, submit the same to counsel for the trustee for approval before submitting the same to the court for signature, reserving therein exceptions to the trustee.